## Anna D. O'Harra, Plaintiff in Error, v. C. E. Graves and W. E. Stephens, Administrator, Defendants in Error.

1. Wills, § 447*—*when settlement between legatee and heirs enforceable.* Where upon a will contest a legatee entered into an agreement to take a less sum than the amount of her legacy, *held* that the settlement was of a disputed right and enforceable as a full satisfaction of her legacy in the absence of fraud.

2. Trial, § 293*—*when rulings on propositions of law not error.* Rulings of court on propositions of law cannot be held to be error where the parties were not entitled to a jury trial and therefore not entitled to the submission of such propositions.

Error to the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinon filed October 16, 1914.

S. P. Robinson, for plaintiff in error.

Welty, Sterling & Whitmore and DeMange, Gillespie & DeMange, for defendants in error.

Mr. Justice Scholfield delivered the opinion of the court.

The plaintiff in error, Anna D. O'Harra, filed her petition in the County Court of McLean county, praying that the administrator *de bonis non,* with will annexed of the estate of Abraham Stephens, deceased, be ordered to make an accounting and to pay her legacy as provided by said will.

Abraham Stephens died in December, 1908, leaving a will disposing of an estate of about $300,000. The residue was by the will given to be divided between the plaintiff in error, Anna D. O'Harra, Mary Ella Chapman, to each one-third, and the remaining one-third to the children of Richard Stephens, a brother of testator. The will was duly probated and after the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

will was probated, Addie Wooster, Fannie Westover and Abraham Squires, heirs at law of Abraham Stephens, filed a bill to contest the will on the ground of lack of capacity and undue influence on the part of Anna D. O'Harra, the petitioner, and Mary Ella Chapman.

While the will contest was being tried by a jury an agreement was entered into by plaintiff in error and Mary Ella Chapman with Addie Wooster and Abraham Squires, the contestants, and the suit dismissed. By the agreement the petitioner in error, Anna D. O'Harra, and Mary Ella Chapman assigned to George L. Parker of Bloomington, Illinois, their legacies in trust, and upon payment to said trustee by the contestants or the administrator with will annexed to be appointed of $61,800, the said legacies and bequests given to the plaintiff in error and Mary Ella Chapman would be paid and satisfied in full and the receipt given by said trustee for the same would be a full receipt for said legacies. The money so paid to said trustee was to be distributed and paid out by him under the direction of the said Anna D. O'Harra and said Mary Ella Chapman.

A decree was then entered confirming the will by agreement. The $61,800 was paid to the trustee by the administrator *de bonis non* from the funds of the estate, but some question arising as to the inheritance tax, $3,000, was withheld by the trustee from Anna D. O'Harra and Mary Ella Chapman until the inheritance tax should be settled. The $61,800 was ordered by Chapman and O'Harra to be paid by the trustee— $25,000 to Mrs. Chapman and $15,000 to Mrs. O'Harra and the balance to their attorney. The residuary legacies amounted to about $71,000 each. The petitioner in error has actually received $12,000, but the entire sum agreed upon was paid to the trustee. The petition stated that petitioner had only received $15,000, Mrs. Chapman $35,000 and their attorney the

O'Harra v. Graves et al., 190 Ill. App. 551.

balance of the agreed $61,800; that the remainder of the residuary legacy to her, about $58,900, that she has not received ought to be paid to her. The County Court ordered the accounting but denied the last part of the prayer. On an appeal the Circuit Court made the same order and she prosecutes this writ of error.

Error is assigned on the holding and refusing propositions of law. This was not a matter where the parties were entitled to a jury, hence there can be no error in the ruling of the court on the propositions, but the court held correctly as to the propositions.

It is contended that a payment of a less sum than the legacy is only a satisfaction *pro tanto*. The settlement was of a disputed right. If the contest of the will had been tried, Mrs. O'Harra and Mrs. Chapman, if defeated, would have received nothing, but by the settlement they made sure of $61,800. Such settlements are favored and will be enforced. *Smith v. Smith*, (36 Ga. 184), 91 Am. Dec. 761; *Adams v. Crown Coal & Tow Co.*, 198 Ill. 445.

The plaintiff in error having entered into the agreement and there being no fraud and it being a settlement of a doubtful right, she cannot now insist on having what the will gave her. There was no error and the decree of the Circuit Court will be affirmed.

*Affirmed.*